UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO et al.,<br><br>Defendants. | Case No.: 22-cv-903-AJB-BLM<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO COMPEL DEFENDANT COUNTY OF SAN DIEGO'S FURTHER RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET THREE**<br><br>**[ECF No. 64]** |

Presently before the Court is Plaintiffs Alexander Hipschman and Carolina Hipschman's Motion to Compel Defendant County of San Diego to Provide Further Responses to Requests for Production of Documents, Set Three [ECF No. 64-1 ("Motion")], the Declaration of Stephen D. Daner in support thereof [ECF No. 64-2 ("Daner Decl.")], Defendant County of San Diego's opposition to Plaintiffs' Motion [ECF No. 69 ("Oppo.")], and the Declaration of Jeffrey Miyamoto in support thereof [ECF No. 69-1 ("Miyamoto Decl.")]. For the reasons discussed below, Plaintiffs' Motion is **GRANTED IN PART**.

///

///

## RELEVANT BACKGROUND

On June 21, 2022, Plaintiffs initiated this action alleging, *inter alia*, that Defendants County of San Diego, Nidia Romero, Elizabeth Samuels, Jose Padilla, and Mary Shehee ("County Defendants") violated their civil rights by improperly seizing their minor child from their possession without a warrant or probable cause. ECF No. 1. On December 8, 2022, Plaintiffs filed a first amended complaint ("FAC"). ECF No. 24. On January 3, 2023, County Defendants filed a motion to dismiss Plaintiffs' FAC for failure to state a claim [ECF No. 32] which District Judge Anthony J. Battaglia granted in part and denied in part. ECF No. 44. On September 15, 2023, County Defendants answered Plaintiffs' FAC. ECF No. 45. On October 30, 2023, the Court conducted an Early Neutral Evaluation Conference and Case Management Conference, and, on the same day, issued a Scheduling Order regulating discovery and all other pre-trial proceedings. ECF Nos. 49, 50.

On March 6, 2024, counsel for Plaintiffs, Stephen Daner, served Plaintiffs' Request for Production of Documents ("RPD"), Set Three, on Defendant County of San Diego ("County"). Daner Decl. at ¶ 1. On April 8, 2024, the County served its responses to Plaintiffs' RPD which did not include a privilege log or declaration in support of its objections. Id. at ¶ 2, Ex. A. On April 26, 2024, Mr. Daner transmitted a meet and confer letter regarding the County's allegedly deficient responses to Plaintiffs' RPD. Id. at ¶ 3, Ex. B. On April 30, 2024, Mr. Daner and counsel for the County, Jeffrey Miyamoto, met and conferred in person regarding Plaintiffs' RPD. Id. at ¶ 4. Between April 30, 2024 and May 8, 2024, counselors for both parties continued to meet and confer via email to attempt to resolve the dispute without court intervention. Id. at ¶ 5, Ex. C. On May 14, 2024, both Mr. Daner and Mr. Miyamoto participated in an informal discovery conference with the undersigned's Judicial Law Clerk regarding the dispute. Id. at ¶ 6; see also Hon. Barbara L. Major Chamber Rules – Civil, Rule V(B). Plaintiffs' instant Motion ensued. Motion.

## LEGAL STANDARD

The scope of discovery under the Federal Rules of Civil Procedure is defined as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case,

considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving issues, and whether the burden or expense of the proposed discovery outweighs the likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1). Typically, the relevance standard is broad in scope and "encompass[es] any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in a case." Doherty v. Comenity Capital Bank & Comenity Bank, 2017 WL 1885677, at *2 (S.D. Cal. May 9, 2017). Relevance, however, is not without limits. Id. The 2015 amendment to Rule 26(b) removed the phrase "reasonably calculated to lead to the discovery of admissible evidence" because it was often misconstrued to define the scope of discovery. Fed. R. Civ. P. 26(b)(1) advisory committee's notes (2015 amendment). Instead, to fall within the scope of discovery, the information must also be "proportional to the needs of the case," requiring lawyers to "size and shape their discovery requests to the requisites of a case" while "eliminat[ing] unnecessary or wasteful discovery." Fed. Civ. R. P. 26(b)(1); Cancino Castellar v. McAleenan, 2020 WL 1332485, at *4 (S.D. Cal Mar. 23, 2020) (quoting Roberts v. Clark Cty. Sch. Dist., 312 F.R.D. 594, 603 (D. Nev. 2016)).

District courts have broad discretion to determine relevancy for discovery purposes. D.M. v. County of Merced, 2022 WL 229865, at * 2 (E.D. Cal. Jan. 26, 2022) (citing Hallett v. Morgan, 296 F.3d 732, 751 (9th Cir. 2002) and Surfvivor Media v. Survivor Prods., 406 F.3d 625, 635 (9th Cir. 2005)). District courts also have broad discretion to limit discovery to prevent its abuse. See Fed. R. Civ. P. 26(b)(2) (instructing that courts must limit discovery where the party seeking the discovery "has had ample opportunity to obtain the information by discovery in the action" or where the proposed discovery is "unreasonably cumulative or duplicative," "obtain[able] from some other source that is more convenient, less burdensome or less expensive," or where it "is outside the scope permitted by Rule 26(b)(1)"). Further, "[w]hen analyzing the proportionality of a party's discovery requests, a court should consider the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to the information, the parties'

1  resources, the importance of the discovery in resolving the issues, and whether the burden or
2  expense of the proposed discovery outweighs its likely benefit." <u>Cancino</u>, 2020 WL 1332485, at
3  *4 (citing Fed. R. Civ. P. 26(b)(1)).
4      Fed. Civ. R. P. 34 provides that a party may serve on another a request for production of
5  documents, electronically stored information, or tangible things within the scope of Fed. Civ. R.
6  P. 26(b). Fed. R. Civ. P. 34(a). Where a party fails to produce documents requested under Rule
7  34, the party propounding the request for production of documents may move to compel
8  discovery. <u>See</u> Fed. R. Civ. P. 37(a). "The party seeking to compel discovery has the burden of
9  establishing that its requests satisfy the relevancy requirements of Rule 26(b)(1). Thereafter,
10 the party opposing discovery has the burden of showing that the discovery should be prohibited,
11 and the burden of clarifying, explaining, or supporting its objections." <u>Williams v. County of San</u>
12 <u>Diego</u>, 2019 WL 2330227, at *3 (citing <u>Bryant v. Ochoa</u>, 2009 WL 1390794, at *1 (S.D. Cal. May
13 14, 2009)) (internal quotations omitted).

## **PLAINTIFFS' POSITION**

15 Plaintiffs' RPD No. 63 requests the County produce Defendants Samuels, Padilla, and
16 Shehee's "entire PERSONNEL FILE from the date of their hiring by San Diego County to present,
17 excluding medical records, taxpayer information, and social security number[s]."[1] Motion at 7;
18 Daner Decl. at Ex. A. Plaintiff argues the personnel files are relevant and proportional to the
19 needs of the case, especially for Plaintiffs' claims arising under <u>Monell v. Department of Social</u>
20 <u>Services of New York</u>, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), and 42 U.S.C. §

---

[1] **RESPONSE TO REQUEST FOR PRODUCTION NO. 63**: Objection. This request is overbroad, without reasonable limitation in scope and time. This request seeks information that is irrelevant to the facts of this case and to the pending claims against the Responding Party, and, therefore, is not reasonably calculated to lead to the discovery of relevant or admissible evidence. This request seeks inadmissible information, information protected from disclosure by official information privilege, and confidential information that implicates the Responding Party's federal privacy rights. *See* Fed. R. Evid. 407; *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1990); *Newell v. Cty. of San Diego*, No. 12cv1696-GPC (BLM), 2013 U.S. Dist. LEXIS 66521, at *3 (S.D. Cal. May 8, 2013). Disclosure of personnel and similar files is an unwarranted invasion of privacy under the Federal Privacy Act (5 U.S.C. 552a, 552(b)(6)), the Freedom of Information Act and U.S. Constitution. Daner Decl. at Exh. A.

1983. Id. at 8-12. Plaintiffs also contend that this case is factually distinguishable from this Court's prior ruling in Meyer et al. v. County of San Diego et al., 21-cv-341-RSH-BLM, ECF No. 196, where the undersigned declined to grant a motion to compel social worker personnel files. Id. at 12-13. Plaintiffs assert that any human resources declaration indicating none of the aforementioned Defendants previously received discipline would be inadequate. Id. at 13-14. Finally, Plaintiffs argue that the County's objections lack merit, including their boilerplate, right to privacy, information privilege, and overbroad objections. Id. at 14-19.

## **THE COUNTY'S POSITION**

The County contends that Plaintiffs' request is not proportional to the needs of the case. Oppo. at 1. Specifically, the request is not limited to a reasonable amount of time before the incident at issue and is not limited to documents that are related to the issues in the case. Id. The County also contends that the case law Plaintiffs rely on is not persuasive as those cases deal with the personnel files of police officers who faced claims of excessive force and police misconduct, not the actions of social workers as is at issue in the instant matter. Id. at 6-7. The County notes that it has provided a declaration from the County's Human Resources Department stating that "none of the defendants had any disciplinary action in the five years prior to the subject investigation and one year following Plaintiffs' reunification with their son." Id. at 7; see also Miyamoto Decl. at Exh. 4. Finally, the County contends that if the Court is inclined to grant Plaintiffs' motion, the production should be limited to "any disciplinary action (if any exists) related to the allegations at issue in this case and limited to a period of time of 5 years or less before the subject incident" and that for

> Defendants Romero and Padilla, the production should be limited to any disciplinary action related to the seizure and/or removal of children. For Defendant Samuels, the production should be limited to any disciplinary action related to non-consensual, unwarranted medical examinations of children. And, for both Defendants Samuels and Shehee, any production should be limited to any disciplinary action related to the filing of reports and/or accuracy of reports filed in the Juvenile Court.

Id. at 2, 9-10.

///

# **ANALYSIS**

A. <u>Relevancy</u>

Plaintiffs argue that RPD No. 63 seeks relevant information and is proportional because the documents contained in Defendants' personnel files are relevant to (1) Plaintiffs' section 1983 claim, (2) Plaintiffs' <u>Monell</u> claim, and (3) Defendants' credibility, motive, intent, and behavior patterns. MTC at 8-11. Plaintiffs note that Defendants' failure to provide a privilege log and declaration weighs in favor of a relevancy finding. <u>Id.</u> at 12.

The County contends that Plaintiffs fail to show why the complete personnel files of County Defendants are relevant. Oppo. at 6. The County further contends that Plaintiffs' request is overbroad as to time and scope and that in other cases the relevant time frame is typically 3.5 to 5 years prior to the subject incident. <u>Id.</u> at 7-8. Finally, the County contends that Plaintiffs fail to explain the relevance of any information in the personnel files that are unrelated to the declaration they have provided stating that Defendants have not faced any disciplinary action in the relevant time frame. <u>Id.</u>

The Court finds that RPD No. 63 seeks relevant information. Contrary to Defendants' contention, Plaintiffs have established the relevance of information contained in the personnel files and that the declaration stating no disciplinary action has been taken does not satisfy the request. For example, Plaintiffs identify information and documents that should be maintained in Defendants' personnel files that are relevant to their <u>Monell</u> and 1983 claims and go beyond disciplinary actions. MTC at 11. Plaintiffs also state that there are allegations of misconduct and a finding of failure to follow County policies and procedures against some Defendants and that relevant documents should be maintained in their personnel files even if those actions did not result in formal disciplinary action, which is the only topic covered by the declaration Defendants provided. <u>Id.</u>

B. <u>Meyer v. County of San Diego</u>, 2024 WL 505193 at *9 (S.D. Cal. Jan. 22, 2024)

The County contends that the <u>Meyer</u> case is applicable to the instant matter as it involved plaintiffs suing county social workers for civil rights claims stemming from their daughter's stay in a hospital and involved a document request nearly identical to the one at issue. Oppo. at 7.

The County notes that as in Meyer, they have provided a declaration stating, "that none of the defendants had any disciplinary action in the five years prior to the subject investigation and one year following Plaintiffs' reunification with their son" and that Plaintiffs have failed to explain why the declaration is insufficient.  Id.; see also Miyamoto Decl. at Exh. 4.

Plaintiffs argue that Meyer is distinguishable and does not apply to this case.  MTC at 12.  Specifically, Meyer did not involve a Monell claim, and the County was not a defendant.  Id.  Because the information Plaintiffs seek is relevant to their Monell claim, this is a critical distinction.  Id.  In addition, Plaintiffs argue the Court must consider this case on its own facts which limits any impact of Meyer.  Id.  Finally, Plaintiffs argue that Meyer is factually distinct because here, the County has found the complaint against Defendants to be partially founded and Defendants Shehee and Padilla were defendants in a prior civil rights lawsuit.  Id. at 12-13.

The Court finds that Meyer does not control the instant dispute.  In Meyer, Plaintiffs sought to compel the production of social worker defendants' personnel files.  2024 WL 505193 at *9.  The Court denied plaintiffs' motion noting in part that the county defendants provided a declaration stating that "[n]one of the above-named employees received any counseling, reprimand, suspension, termination and/or other type of disciplinary action, or other type of corrective action or change as a result of their performance of their job duties in the handling of a child welfare case" and that plaintiffs failed to explain why that was insufficient or why other information contained in the files were relevant.  Id. at *10.  Here however, unlike Meyer, Plaintiffs have alleged a Monell claim and state that information in the files, apart from whether "defendants had any disciplinary action in the five years prior to the subject investigation and one year following Plaintiffs' reunification with their son[,]" is relevant to their claims.  MTC at 11-12.  Additionally, Defendants do not address Plaintiffs' allegations that the County conducted investigations that determined that Plaintiffs' complaint was partially founded, County Defendants failed to follow proper policies and procedures, and Defendants Shehee and Padilla were named as defendants in other matters alleging similar constitutional violations.  MTC at 11; see also Oppo.; Miyamoto Decl. at Exh. 4.  The Court finds that the pending Monell claims, the County's findings regarding the incident at issue in this case, and the alleged constitutional

violations by Defendants in other cases distinguish Meyer and establish relevance. Given the factual differences and unaddressed arguments by the County, the Court finds that Meyer does not dictate the outcome in this motion.

C. No Discipline Declaration

Plaintiffs argue that the County's declaration of no discipline is "unsupported and insufficient." MTC at 13.  Plaintiffs argue that the declaration is not a substitute for producing personnel files. Id. Plaintiffs note that they are entitled to this information pursuant to Fed. R. Civ. P. 26 and that the "declaration improperly seeks to circumvent the requirement that all withheld documents must be sufficiently identified." Id. Plaintiffs also argue that the declaration does not explain why a certain worker was not disciplined or if some other negative action may have been taken that was not categorized as discipline or demotion. Id. at 14. Finally, Plaintiffs note that certain documents they know to exist are not addressed in the declaration, but should appear in the personnel file, for example, information regarding the investigation finding that certain Defendants failed to follow various policies and procedures and the involvement of certain Defendants in lawsuits concerning civil rights violations. Id.

The County contends that it "ha[s] obtained and submit[ted] the declaration of the County's Senior Departmental Human Resources Officer, Kayla Iliff, who reviewed the personnel files and employment records of the four subject social worker defendants from the time period of January 1, 2015 (more than 5 years preceding the subject investigation) through December 31, 2021 (more than 6 months after the subject citizen's complaint investigation was completed) and that Plaintiffs have not explained why the declaration is insufficient." Oppo. at 4, 7. Defendants further contend that the declaration "should suffice for purposes of the proportionality of the documents requested to the needs of this case." Id. at 7.

For the reasons set forth in Section B above, the Court finds that the declaration provided by the County is not an adequate substitute for the documents and information Plaintiffs seek.

D. Privilege Log

Plaintiffs argue that the County's failure to provide a privilege log weighs in favor of finding that their requests are relevant.  MTC at 12.

The County contends that "[t]o the extent Plaintiffs contend that the County has waived any privileges because it did not serve a privilege log, there is no per se failure waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30-day time limit." Oppo. at 10.

The Court finds that the County has not waived any applicable privileges due to its failure to serve a privilege log. Burlington N. & Santa Fe Ry. Co. v. U.S. Dist. Court for Dist. Of Mont., 408 F.3d 1142, 1147-48 (9th Cir. 2005) (rejecting "a *per se* waiver rule that deems a privilege waived if a privilege log is not produced within Rule 34's 30–day time limit" and finding that district courts "should make a case-by-case determination" after considering the degree to which the objection or assertion of privilege enables the litigant seeking discovery and the court to evaluate whether each of the withheld documents is privileged, the timeliness of the objection and accompanying information about the withheld documents, the magnitude of the document production; and other particular circumstances of the litigation that make responding to discovery unusually easy or unusually hard).

E. Defendants' Objections

1. Boilerplate Objections

Plaintiffs argue that the County's "boilerplate objections are improper and insufficient to invoke privilege or privacy protections." MTC at 15. Plaintiffs note that "Defendants' interposed non-particularized, boilerplate objections and privilege protections – without a privilege log or supporting declaration" and "failed to explain or support their objections and privilege protections during the meet and confer process." Id.

The County does not specifically address Plaintiffs' claim regarding boilerplate objections. Oppo.

The Court will discuss the individual objections in more detail below.

2. Official Information Privilege

The County objected to RPD No. 63 in part because the request sought information that was subject to the Official Information Privilege. Daner Decl. at Exh. A. The County, however, does not address this objection in their opposition. Oppo.

"Federal common law recognizes a qualified privilege for official information." <u>Sanchez v. City of Santa Ana</u>, 936 F.2d 1027, 1033 (9th Cir. 1990) (citing <u>Kerr v. United States Dist. Ct. for N.D. Cal.</u>, 511 F.2d 192, 198 (9th Cir. 1975), aff'd, 426 U.S. 394, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976)). The party asserting the privilege has the initial burden of proving the applicability of the privilege. See <u>Kelly</u>, 114 F.R.D. at 669–71; see also <u>Hampton</u>, 147 F.R.D. at 230 ("Through this opinion, this court is hereby joining the Northern District's and Central District's procedures outlined in <u>Kelly v. City of San Jose</u>, 114 F.R.D. 653 (N.D. Cal. 1987) and <u>Miller v. Pancucci</u>, 141 F.R.D. 292 (C.D. Cal. 1992) for invoking the official information privilege"); <u>Stewart v. City of San Diego</u>, 2010 WL 4909630, at *1 (S.D. Cal. 2010) (applying <u>Kelly</u>). A party seeking to invoke the official information privilege in response to a discovery request must serve a timely discovery response specifically identifying the official information privilege as a basis for its objection. <u>Kelly</u>, 114 F.R.D. at 669. The objection must be accompanied by a declaration or affidavit "from a responsible official within the agency who has personal knowledge of the principal matters to be attested to in the affidavit or declaration." <u>Id.</u> The affidavit or declaration must include:

> (1) an affirmation that the agency generated or collected the material in issue and has in fact maintained its confidentiality (if the agency has shared some or all of the material with other governmental agencies it must disclose their identity and describe the circumstances surrounding the disclosure, including steps taken to assure preservation of the confidentiality of the material), (2) a statement that the official has personally reviewed the material in question, (3) a specific identification of the governmental or privacy interests that would be threatened by disclosure of the material to plaintiff and/or his lawyer, (4) a description of how disclosure subject to a carefully crafted protective order would create a substantial risk of harm to significant governmental or privacy interests, (5) and a projection of how much harm would be done to the threatened interests if the disclosure were made.

<u>Id.</u> at 670. "If the non-disclosing party does not meet this initial burden of establishing cause to apply the privilege, the court must order disclosure of the documents; if the party meets this

1 initial burden, the court generally conducts an *in camera* review of the material and balance
2 each party's interests." Bryant v. Armstrong, 285 F.R.D. 596, 605 (S.D. Cal. 2012).

3     The balancing test requires that "courts must weigh the potential benefits of disclosure
4 against the potential disadvantages." Sanchez, 936 F.2d at 1033-34. The Kelly court provided
5 a non-exhaustive list of factors (taken from Frankenhauser v. Rizzo, 59 F.R.D. 339 (E.D. Pa.
6 1973)) that may be considered when engaging in this weighing process: (1) the extent to which
7 disclosure will thwart governmental processes by discouraging citizens from giving the
8 government information; (2) the impact upon persons who have given information of having
9 their identities disclosed; (3) the degree to which government self-evaluation and consequent
10 program improvement will be chilled by disclosure; (4) whether the information sought is factual
11 data or evaluative summary; (5) whether the party seeking the discovery is an actual or potential
12 defendant in any criminal proceeding either pending or reasonably likely to follow from the
13 incident in question; (6) whether the police investigation has been completed; (7) whether any
14 intradepartmental disciplinary proceedings have arisen or may arise from the investigation; (8)
15 whether the plaintiff's suit is non-frivolous and brought in good faith; (9) whether the
16 information sought is available through other discovery or from other sources; and (10) the
17 importance of the information sought to the plaintiff's case. Kelly, 114 F.R.D. at 663. In making
18 this determination, courts must conduct "a situation specific analysis of the factors made
19 relevant by the request in issue and the objection to it." Id. In civil rights cases against police
20 departments, the balancing test should be "moderately pre-weighted in favor of
21 disclosure." Soto, 162 F.R.D. at 613 (quoting Kelly, 114 F.R.D. at 661).

22     Here, the County has not provided the declaration necessary to properly invoke the Official
23 Information Privilege. Oppo. Nor has the County addressed the privilege in any way. Id.
24 Because the County fails to meet its burden, the Court will not address the Kelly balancing test
25 or conduct an *in camera* review of any documents. See Hoyt v. Valdovinos, 2021 WL 2550080,
26 at *5 (S.D. Cal., June 22, 2021) (citing Eusse v. Vitela, 2015 WL 1013774 (S.D. Cal. Dec. 14,
27 2015) (declining to apply the balancing test and requiring disclosure when the declaration did
28 not meet the second and fourth threshold Kelly factors) and Bryant v. Armstrong, 285 F.R.D.

596, 605 (S.D. Cal. 2012) (declining to apply the balancing test and requiring disclosure when the declaration did not meet the threshold showing)). Accordingly, the Court **OVERRULES** Defendants' objections based on Official Information Privilege.

### 3. Right to Privacy

Plaintiffs argue that Defendants failed to demonstrate that their right to privacy outweighs disclosure. MTC at 18. Plaintiffs note that the right to privacy is not a complete bar to discovery, "[c]urrent case law suggests the privacy interests in personnel files does not outweigh a plaintiff's interests in civil rights cases[,]" and the disclosure balancing test is pre-weighted in favor of disclosure. Id. Plaintiffs also argue that Defendants' attempt to invoke the Federal Privacy Act and Freedom of Information Act ("FOIA") is improper and lacks merit. Id. at 19. Plaintiffs further contend that both acts only apply to federal entities and do not create privileges for civil discovery. Id. Finally, Plaintiffs contend that the current protective order in the case should address any privacy concerns. Id.

The County contends that "[f]ederal courts recognize a constitutionally based right of privacy that may be asserted in response to discovery requests." Oppo. at 9. The County further contends that the scope of Plaintiffs' request is overbroad in light of Defendants' privacy interests in their personnel files. Id. The County does not address the existing protective order or explain why it is inadequate to protect the alleged privacy concerns. Oppo.

Federal courts recognize a constitutionally based right of privacy that may be asserted in response to discovery requests. Soto v. City of Concord, 162 F.R.D. 603, 616 (N.D. Cal. July 17, 1995); Medina, 2014 WL 4793026, at *4 (S.D. Cal. Sept. 25, 2014). In resolving privacy objections, courts balance the need for the requested information against the asserted privacy right. Id. Here, the Court finds that Plaintiffs need for the information in Defendants' personnel files outweighs Defendants' right to privacy in those files. The Court further finds that any privacy concerns are eliminated or dramatically reduced by the existing protective order. Accordingly, the Court **OVERRULES** he County's objections based on the right to privacy.

### 4. Overbroad

Plaintiffs argue that the County failed to support its boilerplate "overbroad" objection.

MTC at 19.

The County contends that if the motion is granted, the production should be limited to "any disciplinary action (if any exists) related to the allegations at issue in this case and limited to a period of time of 5 years or less before the subject incident." Id. at 2. "For Defendants Romero and Padilla, the production should be limited to any disciplinary action related to the seizure and/or removal of children[,]" "[f]or Defendant Samuels, the production should be limited to any disciplinary action related to non-consensual, unwarranted medical examinations of children[,]" and "for both Defendants Samuels and Shehee, any production should be limited to any disciplinary action related to the filing of reports and/or accuracy of reports filed in the Juvenile Court." Id. at 9-10.

The Court agrees that RPD No. 63, as written, is overbroad. The Court sustains the County's objections regarding the timing of the discovery request and finds five years predating the incident through approximately one year after the incident to be the appropriate time frame. The Court partially sustains the County's objections to the scope of the request as it seeks every document contained within the personnel file other than medical records, taxpayer information, and social security numbers. Plaintiffs do not attempt to limit the scope of the request to information or documents that are relevant to the claims in this case and do not establish relevance for the entire file. On the other hand, Defendant's suggested scope is too narrow as it is limited to disciplinary actions. Accordingly, the Court modifies the scope of the request as set forth below.

## CONCLUSION

For the reasons set forth above, Plaintiffs' motion is **GRANTED IN PART**. The County must produce all records contained within each Defendant's personnel file regarding 1) compliance with, non-compliance with, or failure to follow County policies, procedures, customs, or practices, including any investigations, findings and outcomes/consequences/disciplinary actions, 2) training received or provided and any associated training materials relating to County

policies, procedures, customs, or practices[2], 3) the claims asserted in the instant case and all resulting investigations, findings, and outcomes/consequences/disciplinary actions, and 4) allegations regarding misconduct by the employee including the resulting investigations, findings and outcomes/consequences/disciplinary action. In addition, the County is ordered to produce all documents relating to the seizure and/or removal of children contained within the personnel files for Defendants Romero and Padilla, all records related to non-consensual unwarranted medical examinations of children from the personnel file of Defendant Samuels, and all records relating to the filing of reports or the accuracy of reports filed in the Juvenile Court from the personnel files of Defendants Samuels and Shehee. All of these requests are limited to the time period of June 27, 2015 through December 31, 2021. The responsive documents must be produced to Plaintiffs by **July 12, 2024** and, if appropriate, may be produced pursuant to the existing protective order and personal identifying information such as social security numbers, addresses and phone numbers may be redacted.

**IT IS SO ORDERED**.

Dated: 6/26/2024

Hon. Barbara L. Major
United States Magistrate Judge

---

[2] The Court notes that the County states it has already produced "the training transcripts for Romero, Padilla, and Samuels [and that] [t]he training transcript of Ms. Shehee was not available because she is no longer employed with the County." Oppo. at 4; see also Miyamoto Decl. at ¶ 6. However, if there are other training items/documents/records available for Defendants, those must also be produced.