UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN; ALEXANDER HIPSCHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22CV0903-AJB (BLM)<br><br>**ORDER DENYING IN PART AND GRANTING IN PART JOINT MOTION TO EXTEND DEADLINE RE RULE 30(b)(6) WITNESS AND CONTINUE EXPERT DISCOVERY CUTOFF AND RELATED DATES**<br><br>**[ECF No. 129]** |

Currently before the Court is the parties' Joint Motion and Request to Extend Deposition of Defendants' Rule 30(b)(6) Witness and Continue Expert Discovery Cutoffs and other related Dates in Scheduling Order. See Mot., ECF No. 129. For the reasons set forth below, the motion is **DENIED** in part and **GRANTED** in part.

## LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may be modified only "for good cause and with the judge's consent." Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 16(b)(4). Essentially, "the focus of the inquiry is upon the moving party's reasons for seeking modification." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The district court may modify the pretrial schedule "if it cannot reasonably be met despite the

diligence of the party seeking the extension." <u>Lien v. City of San Diego</u>, 2022 WL 1143548, at *1 (S.D. Cal., March 9, 2022) (quoting <u>Johnson</u>, 975 F.2d at 609). If the moving party fails to demonstrate diligence, "the inquiry should end." <u>Johnson</u>, 975 F.2d at 609. To establish "good cause," parties seeking modification of a scheduling order must show that even with the exercise of "due diligence," they still cannot meet an order's timetable. <u>Citizens Development Corporation, Inc. v. County of San Diego</u>, 2019 WL 13166661, at *1 (S.D. Cal. June 7, 2019) (quoting <u>Johnson</u>, 975 F.2d at 609).

## DISCUSSION

1. Deposition of Defendant's Rule 30(b)(6) Witness – Categories 10, 13, and 18

The parties seek an order continuing the deadline for the County to "re-produce" its Rule 30(b)(6) witness relating to categories 10, 13, and 18 in the Plaintiff's Notice of Deposition to December 20, 2024. Mot. at 2. On October 15, 2024, the Court granted the parties motion to extend the deadline to complete the Defendants' Rule 30(b)(6) witness deposition as to categories 10, 13, and 18 to November 6, 2024. ECF No. 117. On November 6, 2024, Defendants produced their Rule 30(b)(6) witness for a deposition relating to categories 10, 13, and 18. <u>Id.</u> The parties met and conferred following the deposition and agreed that the witness needed additional time to prepare for the deposition and therefore, they "agreed to reconvene the deposition at a later time" to allow the witness additional time to review documents and prepare for the deposition. <u>Id.</u> As a result, the parties seek another extension of time to permit the completion of the deposition of the Defendants' Rule 30(b)(6) witness deposition as to categories 10, 13, and 18. For good cause shown, the Court **GRANTS** the parties' motion. The deposition of the Rule 30(b)(6) witness for categories 10, 13, and 18 must occur on or before **December 19, 2024**.

2. Request to Continue Scheduling Order Dates

The parties also seek an order modifying the Scheduling Order by continuing the scheduled deadlines for expert disclosures, supplemental expert disclosures, expert discovery cutoff, and motion filing deadline by approximately forty-five (45) days. <u>Id.</u> In the motion, Plaintiffs argue that this additional time is required for their retained experts to review training

1 materials that are the subject of a separate motion to compel currently before this Court. Id. at 2; Pl.'s Mot. to Compel, ECF No. 125.  Plaintiffs also contend that their experts need additional time to review the testimony of the Rule 30(b)(6) witness for categories 10, 13, and 18 referenced above, as well as the deposition of the Rule 30(b)(6) witness for categories 2, 6, 9, 12, and 16 which the Court previously ruled must take place within ten (10) days of the ruling on the pending motion to compel. Mot. at 3; Nov. 22, 2024 Order at 2, ECF No. 127.

The Court finds that the parties have not shown good cause to continue all of the remaining dates by approximately forty-five days.  Accordingly, all dates remain as previously set, including expert disclosures on **December 6, 2024**. See ECF No. 119.  If any expert wants to supplement or amend his or her expert report based on the testimony provided in the remaining Rule 30(b)(6) depositions, they must do so by **January 6, 2025**.

Dated: 12/5/2024

Hon. Barbara L. Major
United States Magistrate Judge