UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN; ALEXANDER HIPSCHMAN,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendants. | Case No.: 22CV903-AJB (BLM)<br><br>**ORDER DENYING MOTION TO MODIFY SCHEDULING ORDER AND REOPEN LIMITED DISCOVERY**<br><br>**[ECF No. 120]** |

Currently before the Court is Plaintiffs' November 8, 2024 Motion to Modify the Scheduling Order and Reopen Limited Discovery [ECF No. 120 ("Mot.")] and Defendants' November 18, 2024 opposition to the motion [ECF No. 124 ("Oppo.")]. For the reasons set forth below, Plaintiffs' motion is **DENIED**.

## RELEVANT PROCEDURAL BACKGROUND

On June 21, 2022, Plaintiffs initiated this action alleging, *inter alia*, that Defendants County of San Diego, Nidia Romero, Elizabeth Samuels, Jose Padilla, and Mary Shehee ("County Defendants") violated their civil rights by improperly seizing their minor child from their possession without a warrant or probable cause. ECF No. 1. On December 8, 2022, Plaintiffs filed a first amended complaint ("FAC"). ECF No. 24. On January 3, 2023, the County filed a motion to dismiss Plaintiffs' FAC for failure to state a claim [ECF No. 32] which District Judge

Anthony J. Battaglia granted in part and denied in part. ECF No. 44. On September 15, 2023, the County answered Plaintiffs' FAC. ECF No. 45. On October 30, 2023, the Court conducted an Early Neutral Evaluation Conference and Case Management Conference, and, on the same day, issued a Scheduling Order regulating discovery and all other pre-trial proceedings. ECF Nos. 49, 50.  The Court later granted the parties' Joint Motion to Amend Scheduling Order and set the fact discovery cutoff date for July 5, 2024.  ECF No. 62.

## PLAINTIFFS' POSITION

Plaintiffs seek to reopen fact discovery to serve written discovery on Defendants Le and Araiza, depose Defendants Le and Araiza, depose Defendants Romero, Samuels, Padilla, and Shehee for a second time, depose an additional Rule 30(b)(6) witness, and serve additional third party subpoenas.  Mot. at 5.  Plaintiffs argue there is good cause to reopen discovery because they have diligently conducted discovery, Defendants failed to identify or produce relevant discovery until after the discovery cutoff date, and Defendants produced a Rule 30(b)(6) witness for deposition who was "unprepared and/or improperly designated." Id. at 2-7.

## DEFENDANTS' POSITION

Defendants contend that good cause does not exist to reopen discovery.  Oppo. at 7-14. Defendants argue that "most of the relief sought by Plaintiffs are, in fact, discovery disputes that arose more than four months ago when fact discovery was closed on July 5, 2024, and/or several months ago when Plaintiffs received certain documents that they now claim warrant a need to take further depositions."  Id. at 7.  Defendants explain that Plaintiffs deposed Defendants Araiza and Le prior to the discovery cutoff as witnesses and have not established a factual or legal basis to re-depose them as Defendants. Id. at 7-8. Defendants note that at the time Plaintiffs deposed Araiza and Le, Plaintiffs had already filed a motion seeking leave to add them as Defendants and Plaintiffs therefore had the opportunity to fully depose them in both capacities. Id. at 8. Defendants also contend that the request to re-depose the six individually-named defendants is untimely, without good cause, and unduly burdensome.  Id. at 9. Defendants further contend that Plaintiffs' request to reopen discovery to depose additional

Rule 30(b)(6) witnesses is untimely as to any new categories of inquiry and moot as to the existing categories because Defendants have agreed to produce a new Rule 30(6)(b) witness. Id. at 13. Finally, Defendants argue the Court should deny Plaintiffs' request to serve additional third-party subpoenas because they have not demonstrated good cause to serve this discovery after the discovery cutoff date as they could have served these subpoenas prior to the discovery cutoff date. Id. at 14.

## LEGAL STANDARD

Once a Rule 16 scheduling order is issued, dates set forth therein may only be modified "for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); ECF No. 50 at 8 (scheduling order stating that dates will not be modified absent "good cause"). The Rule 16 "good cause" standard focuses on the "reasonable diligence" of the moving party. Noyes v. Kelly Services, 488 F.3d 1163, 1174 n.6 (9th Cir. 2007). Essentially, "the focus is upon the moving party's reasons for seeking modification," however, a court also may consider the "existence or degree of prejudice to the party opposing the modification." Johnson v. Mammoth Recreations, 975 F.2d 604, 609 (9th Cir. 1992). When determining whether to reopen discovery, "[d]istrict courts have 'wide latitude in controlling discovery, and [their] rulings will not be overturned in the absence of a clear abuse of discretion.'" La Jolla Spa MD, Inc. v. Avidas Pharmaceuticals, LLC, 2019 WL 6467715, at *1 (S.D. Cal. Dec. 2019) (quoting Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1026 (9th Cir. 2006)). "A district court abuses its discretion only if the movant diligently pursued previous discovery opportunities, and if the movant can show how allowing additional discovery would have precluded summary judgment." Cornwell, 439 F.3d at 1026.

Where the amendment would reopen discovery, the good cause standard requires courts in the Ninth Circuit to consider six factors: (1) whether trial is imminent; (2) whether the request is opposed; (3) whether the non-moving party would be prejudiced; (4) whether the moving party was diligent in obtaining discovery; (5) the foreseeability of the need for additional discovery in light of the time allowed by the scheduling order; and (6) the likelihood that the

discovery will lead to relevant evidence. City of Pomona v. SQM North America Corp., 866 F.3d 1060, 1066 (9th Cir. 2017), United States ex rel. Schumer v. Hughes Aircraft Co., 63 F.3d 1512, 1526 (9th Cir. 1995), vacated on other grounds, 520 U.S. 939 (1997).

"While no one factor is necessarily dispositive, the Ninth Circuit has instructed that the primary focus should be on whether the party seeking to reopen discovery has acted diligently." De Paz v. Wells Fargo Bank, N.A., 2020 WL 2404897, at *2 (C.D. Cal. Feb. 18, 2020) (citing Johnson, 975 F.2d at 609). If the party seeking the modification was not diligent, "the inquiry should end" and the motion to modify the scheduling order should not be granted. Johnson, 975 F.2d at 609. Parties must therefore "diligently attempt to adhere to [the] schedule throughout the ... course of the litigation." La Jolla Spa MD, Inc., 2019 WL 6467715, at *2 (quoting Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999)).

## **DISCUSSION**

For the reasons set forth below, the Court finds that Plaintiffs have not been diligent in pursing the discovery identified in the current motion and have not demonstrated good cause to reopen discovery. The Court notes that fact discovery ended on July 5, 2024 and yet, Plaintiffs did not seek to extend this deadline, with two limited exceptions[1], until November 8, 2024. The evidence presented by the parties in their current pleadings establish that by July or August 2024, Plaintiffs were aware of the relevance of much of the discovery at issue in the current pleadings, discussed the desired discovery with Defendants, and knew Defendants objected to the discovery, but failed to bring these disputes to the Court's attention in a timely manner. Plaintiffs argue that the "need for additional and/or follow up discovery was not foreseeable until *after* the discovery cutoff." Mot. at 10 (emphasis in original.) Even if that is correct, Plaintiffs do not establish diligence or good cause for their failure to seek relief during the following three

---

[1] On July 8, 2024, the Court granted the parties' joint motion to continue the fact discovery cutoff only as to the taking of the depositions of Emmy Floyd, Mary Shehee, and Dr. Suresh which were to be completed by September 6, 2024. ECF No. 82. The July 5, 2024 cutoff remained in place for all other fact discovery. Id. The fact discovery cutoff date as to the deposition of Dr. Suresh was later extended to September 10, 2024. ECF No. 102.

to four months.  The Court will address the specific categories of discovery that Plaintiffs seek to pursue if they are permitted to reopen discovery and their lack of diligence.

### A. Defendants Le and Araiza Discovery

Plaintiffs seek to reopen discovery to allow them to serve Defendants Le and Araiza written discovery and depose them for four hours each.  Id. at 1.  Plaintiffs argue that the Court should allow this discovery now because Defendants "Le and Araiza first appeared in this case on July 17, 2024 – i.e., *after* the discovery cutoff date." Id. at 7 (emphasis in original.)  Both Araiza and Le were deposed in June 2024 in their capacity as witnesses.  Oppo. at 3.  Plaintiffs argue that the Court should allow the written discovery and additional depositions of these defendants because they are now defendants and the discovery is relevant to their "involve[ment] and/or participa[tion] in C.H.'s unwarranted seizure." Mot. at 13 (citing Second Amended Complaint ("SAC"), ECF No. 72.)

Initially, the Court notes that Plaintiffs do not identify any testimony or information that they are seeking now that they did not or could not obtain during Araiza and Le's sworn deposition testimony in June. This omission is significant since Plaintiffs deposed each person without extraordinary time or topic limitations and did so knowing that it was possible that both individuals would soon be added as defendants due to the pending motion to file the SAC naming them as defendants.  See ECF No. 65.   This failure undermines Plaintiffs' good cause argument. Even if Plaintiffs had established a need to re-depose the two defendants, their current motion is doomed by their lack of diligence.

Plaintiffs filed a motion to amend their complaint by, among other things, adding Araiza and Le as Defendants, on May 29, 2024 [ECF No. 65], Defendants filed their non-opposition on June 13, 2024 [ECF No. 70], Judge Battaglia granted the motion on June 21, 2024 [ECF No. 71], and the SAC was filed the same day [ECF No. 72].  All of this occurred prior to the close of fact discovery. Defendants Araiza and Le answered the SAC on July 17, 2024 [ECF No. 86] and a few days later, Plaintiffs' counsel "brought up the possibility of wanting to depose Araiza and Le for a second session" during a "meet and confer conference" and Defendants' counsel informed

Plaintiffs' counsel that they would not agree to a second deposition for either defendant. Declaration of Jeffrey Miyamoto ("Miyamoto Decl."), ECF No. 124-1, at ¶ 13. These facts clearly establish that by July 22, 2024, Plaintiffs knew the testimony provided by Araiza and Le as witnesses, knew that they were now defendants in the case, and knew that Defendants would not voluntarily agree to further discovery or a second deposition.  Despite this knowledge, Plaintiffs waited more than three months to file the instant motion to reopen discovery.

For these reasons, the Court finds that Plaintiffs failed to act diligently to obtain additional discovery from Araiza and Le and that Plaintiffs have not established good cause for the requested discovery.

B.  Defendants Romero, Samuels, Padilla, and Shehee

Plaintiffs seek to reopen discovery to allow them to take a second deposition of Defendants Romero, Samuels, Padilla, and Shehee for a period of two hours each.  Mot. at 1. Plaintiffs argue that good cause exists for this request because Defendants withheld relevant documents pertaining to these Defendants until after the discovery cutoff date had passed and after these Defendants had been deposed.  Id. at 9-11.  Defendants argue that Plaintiffs have failed to show good cause for a second deposition as to any of these defendants and emphasize that many of the documents Plaintiffs claim were unavailable at the time the first depositions were taken "were not even requested (or due to be produced) until after the witness was deposed."  Oppo. at 2.

The Court again finds that Plaintiffs did not diligently pursue the discovery that they are now requesting and did not file a timely motion to reopen discovery or to obtain authorization for a second deposition. A short discussion of the relevant timeline is set forth below.

On March 6, 2024, Plaintifsf served written discovery requests seeking the personnel files of Defendants Romero, Samuels, Padilla, and Shehee.  See Declaration of Stephen Daner in Supp. of Mtn. to Compel, ECF No. 64-2, at ¶ 1.  Plaintiffs filed a motion to compel the production of these documents which was granted by the Court and Defendants were ordered to produce the personnel files by July 12, 2024.  See June 26, 2024 Order, ECF No. 76.  On May 7, 2024,

Plaintiffs served written discovery requests seeking training materials and presentations. Daner Decl. at ¶ 4. Defendants had until June 7, 2024 to respond to this request. See FRCP 34(b)(2)(A). The depositions of Defendants Padilla, Samuels, and Romero took place prior to June 7, 2024, before the relevant discovery was due. Miyamoto Decl. at ¶ 4. The deposition of Defendant Shehee occurred on July 12, 2024. Id. On July 8, 2024, Plaintiffs filed a motion to compel the County to produce training materials that were withheld in the initial response. ECF No. 81. The Court granted the motion and ordered responsive documents to be produced by August 8, 2024. ECF No. 95. Finally, Plaintiffs propounded discovery seeking the timecards of Defendants Padilla and Le and Plaintiffs admit that Defendants "produced the *complete* work timecards – with ESI" on August 8, 2024. Mot. at 7 (emphasis in original.)

This chronology establishes that by August 8, 2024, Plaintiffs possessed all of the discovery that they are now relying on to justify their request to reopen discovery and to re-depose these Defendants. Nonetheless, Plaintiffs waited three months to file the instant motion to reopen discovery. Plaintiffs acknowledge that they raised the issue of the "reopening of limited discovery to address the newly produced documents, information, and/or newly added Defendants" with defense counsel on August 5, 2024 but offer no explanation why they chose not to file an appropriate motion prior to November 8, 2024. Daner Decl. at ¶ 18. Moreover, a review of the docket reveals multiple requests for extensions of time to file motions to compel additional discovery after the discovery cutoff date but none of these requests raised the issue of taking a second deposition of these defendants. As such, Plaintiffs have not established diligence in pursuing their alleged need to re-depose these witnesses based on the "new" discovery. Plaintiffs' good faith argument is further undermined by the fact that they went forward with the depositions of these Defendants even though some of the documents were not due to be produced until after the date of the deposition. In the case of Defendant Shehee, the Court extended the deadline to depose this defendant to September 6, 2024 [ECF No. 82] which would have permitted Plaintiffs to have this written discovery at the time they took her deposition but for reasons only known to the parties, Plaintiffs opted to go forward with her deposition in

July.

For these reasons, the Court finds that Plaintiffs failed to act diligently to obtain additional deposition testimony from these Defendants and have failed to show good cause to reopen discovery to allow further depositions of these parties.

C. Rule 30(b)6) Depositions

Plaintiffs seek to reopen discovery to allow additional Rule 30(b)(6) depositions "pertaining to documents/information produced after the discovery cutoff date – i.e., personnel files, timecards for named Defendants, cell phone records, and/or training materials." Mot. at 1. In response, Defendants argue that this request should be denied because these categories of discovery were not in the "topics [] requested in the PMK deposition notice that covered 21 separate categories of inquiry." Oppo. at 2, 16. Defendants further state that the request is moot as to categories 2, 6, 9, 12 and 16 because they have agreed to produce a new deponent to testify on these topics. Id. at 16.

The Court again finds that Plaintiffs have not established diligence or good cause for this request. First, a review of the Plaintiffs' notice of deposition of the Defendants' Rule 30(b)(6) witness demonstrates a list of twenty-one "categories of inquiry" that do not include the topics of specific personnel files, timecards, or cell phone records. See Miyamoto Decl., Ex. I. Other than asserting that the identified items were produced after close of fact discovery, Plaintiffs do not establish a need to conduct a Rule 30(b)(6) deposition on these topics nor explain why they failed to include the topics in the original notice. Plaintiffs' argument that they are entitled to Rule 30(b)(6) depositions on these topics based on Defendants' late productions fails for the reasons discussed above as to each discovery request.

Second, the request is untimely and again shows a lack of diligence. Defendants provided Plaintiffs with personnel files, timecards, and cell phone records months ago. Since the production of these documents, Plaintiffs have not sought leave to amend their notice of deposition of Defendants' Rule 30(b)(6) witness to include these topics nor have they provided any explanation why these topics were not included in the original notice of deposition.

Finally, as to the training materials and Plaintiffs' concern that the original Rule 30(b)(6) witness was unprepared to be deposed as to categories 2, 6, 9, 12, and 16 in the notice of deposition, Defendants have agreed to provide a new Rule 30(b)(6) witness for this testimony. The Court already has granted the parties leave to take this deposition within ten days of the Court's ruling on Plaintiffs' pending motion to compel the relevant training materials. See ECF No. 127.

Accordingly, Plaintiffs' request to reopen discovery to allow for additional Rule 30(b)(6) witness deposition testimony is **DENIED**.

D.   Third Party Subpoenas

Finally, Plaintiffs seek to reopen discovery claiming "[a]fter reviewing the documents and information provided after the discovery cutoff date, it became apparent that additional third party subpoenas are necessary to obtain certain records and/or information." Mot. at 13. Plaintiffs further claim that Defendants' alleged withholding of training materials "may implicate other third party procedures." Id. Defendants argue Plaintiffs have failed to show good cause to serve additional third parties after discovery cutoff and though they name T-Mobile as one possible third party, their motion fails to identify any other potential third parties that could be subjected to a subpoena. Opp. at 14.

Plaintiffs seek permission to "serve any necessary third party subpoena." Mot. at 1. Plaintiffs do not identify the specific entities that they want to subpoena nor the specific documents they would request, other than subpoenaing T-Mobile for Defendant Padilla's cell phone records. Id. at 9, 12-13. As a result, the Court finds that this request is overbroad and that Plaintiffs have not established good cause to reopen discovery to serve such subpoenas nor diligence regarding the efforts to obtain the information. With regard to the single identified request, Plaintiffs have not established diligence regarding their efforts to subpoena T-Mobile to obtain Padilla's cell phone records. Id. Plaintiffs argue that this subpoena is necessary and not untimely because Defendant Padilla produced his cell phone records after the discovery cutoff and it appears that some of the records are missing. Id. Plaintiffs' argument misses the point.

The relevant focus in this motion is Plaintiffs' efforts to obtain the records from T-Mobile. Plaintiffs believed Defendant Padilla's cell phone records were relevant but they did not subpoena T-Mobile during fact discovery. Instead, they attempted to obtain them from Defendant Padilla via document requests. Defendant Padilla produced his cellphone records on August 8, 2024 and supplemented them on September 20, 2024. Id. at 7. Again, Plaintiffs waited months to file the instant motion to obtain permission to subpoena T-Mobile.

For all of these reasons, the Court finds that Plaintiffs were not diligent in their efforts to obtain documents from T-Mobile and have not established good cause to reopen discovery to serve third-party subpoenas.

## CONCLUSION

For the reasons set forth above, Plaintiffs' Motion to Modify Scheduling Order and Reopen Fact Discovery, ECF No. 120, is **DENIED**. Plaintiffs are still permitted to conduct the final Rule 30(b)(6) depositions on categories 2, 6, 9, 10, 12, 13, 16 and 18 as previously authorized by the Court.

Dated: 12/6/2024

Hon. Barbara L. Major
United States Magistrate Judge