UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN, an individual; ALEX HIPSCHMAN, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, et al.,<br><br>Defendant. | Case No.: 22CV0903 AJB (BLM)<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**<br><br>**[ECF No. 141]** |

Currently before the Court is Plaintiffs' January 8, 2025 motion for reconsideration [ECF No. 141 ("Mot.")], Defendant County of San Diego's ("County") opposition [ECF No. 144 ("Oppo.")], and Plaintiffs' reply [ECF No. 146 ("Reply")]. For the reasons set for the below, the Court **DENIES** Plaintiffs' motion for reconsideration.

## RELEVANT BACKGROUND

On November 18, 2024, Plaintiffs filed a motion to compel the County to provide training materials. See ECF No. 128. The County opposed the motion and on December 11, 2024, the Court issued an Order Denying Plaintiffs' motion to compel. ECF Nos. 128, 137.

On December 26, 2024, Plaintiffs filed a notice of objection and motion for review on the order denying Plaintiffs' motion to compel documents before District Judge Anthony Battaglia. ECF No. 140. While those objections were pending, Plaintiffs also filed the current motion for

reconsideration of this Court's order denying the motion to compel. ECF No. 141. District Judge Battaglia dismissed Plaintiffs' objections, without prejudice, finding that the objections were "redundant to Plaintiffs' pending Motion for Reconsideration" before this Court and a ruling on the merits of the objections "would be an inefficient use of judicial resources" while this motion is pending. See ECF No. 145 at 2.

## **LEGAL STANDARD**

Pursuant to Local Rule 7.1(i)(1),

> Whenever any motion or any application or petition for any order or other relief has been made to any judge and has been refused in whole or in part, or has been granted conditionally or on terms, and a subsequent motion or application or petition is made for the same relief in whole or in part upon the same or any alleged different state of facts, it will be the continuing duty of each party and attorney seeking such relief to present to the judge to whom any subsequent application is made an affidavit of a party or witness or certified statement of an attorney setting forth the material facts and circumstances surrounding each prior application, including inter alia: (1) when and to what judge the application was made, (2) what ruling or decision or order was made thereon, and (3) what new or different facts and circumstances are claimed to exist which did not exist, or were not shown, upon such prior application.

S.D. Cal. Civ.L.R. 7.1(i)(1).

## **PARTIES' POSITIONS**

Plaintiffs assert that new evidence obtained after the Court's denial of their motion to compel demonstrates that the County Counsel's training presentations provide non-privileged, generally applicable legal advice. Mot. at 2. Specifically, the new evidence includes testimony from the County's Rule 30(b)(6) witness that demonstrates the PowerPoint training presentations at issue are generalized, focus on general legal principles, and do not provide specific legal advice or discuss specific cases or litigation. Id. at 5. Plaintiffs contend that this evidence challenges the County's claim of attorney-client privilege and work product protection over the training materials and establishes that the presentations are not protected by these privileges or doctrine. Id.

Plaintiffs also argue that the training presentations were not created in anticipation of

litigation and do not contain legal strategies, as they are part of the Social Worker's Initial Training (SWIT) and include state-mandated training. Id. at 8. Plaintiffs argue that the Court should conduct an in camera review of the PowerPoint training presentations as the new evidence raises doubts about the applicability of the privileges claimed by the County. Id. at 9.

The County argues that the Court correctly found the requested documents are protected by attorney-client privilege and the attorney work product doctrine, and thus should not be produced to the Plaintiffs. Oppo. at 2. The County asserts that the Plaintiffs' motion for reconsideration does not introduce any new arguments or evidence that would impact the Court's previous ruling. Id. at 3. Specifically, the County argues that the deposition testimony cited by the Plaintiffs pertains to training materials already produced and does not relate to the specific withheld documents at issue. Id. at 4-5. The County also argues that the Plaintiffs have not demonstrated any new or different facts that would contradict the Court's findings regarding the privileged nature of the documents. Id. at 6. The County maintains that the Plaintiffs have not provided sufficient factual basis to warrant an in-camera review of the documents, and the Court acted within its discretion to deny such a request. Id.

## DISCUSSION

Plaintiffs argue that in order for attorney-client privilege or the attorney work product doctrine to apply to the training materials at issue, the Court must distinguish between "two types of legal advice: (1) particularized, fact specific legal advice that reveal client confidences, and (2) general, broadly applicable legal guidance." Mot. at 6 (citations omitted). Plaintiffs assert that the County "did not provide non-conclusory evidence detailing the content of the PowerPoint presentations." Id. This argument, along with the cases cited by Plaintiffs, was considered by this Court in the two prior orders on motions to compel training materials. First, in the Court's July 31, 2024 Order[1] granting Plaintiffs' first motion to compel training materials, the Court found that the County failed to provide a sufficient showing that training materials were written or presented by attorneys. See ECF No. 95 at 14 ("The Court finds the declaration

---

[1] This Order is not the subject of the current motion for reconsideration.

of counsel for the County is insufficient to establish the applicability of the attorney-client privilege as it is a conclusory statement without specific details or references to any of the PowerPoint presentations and training materials."). However, in the second motion to compel which is the subject of this motion, the Court found that the declaration supplied by Caitlin Rae, Assistant County Counsel, did establish that the "training materials currently at issue were prepared by attorneys providing legal advice to social workers to avoid prospective litigation." ECF No. 137 at 17.

Plaintiffs argue reconsideration is warranted for two reasons. First, they argue that Ms. Rae's declaration was "insufficient" and is an "evidentiary gap." Mot. at 5. The Court rejects this argument as they raised this argument in their reply to the motion to compel and the Court disagreed, finding that Ms. Rae's declaration met the necessary burden to find that the materials were protected by the attorney-client privilege and attorney work product doctrine. "A motion to reconsider is not another opportunity for the losing party to make its strongest case, reassert arguments, or revamp previously unmeritorious arguments." Reeder v. Knapik, 2007 WL 2088402, at *2 (S.D. Cal. July 18, 2007). In plain terms, "[a] motion for reconsideration may not be used to get a second bite at the apple." Campion v. Old Repub. Home Protection Co., Inc., 2011 WL 1935967, at *1 (S.D. Cal. May 20, 2011). Plaintiffs' first argument is an attempt to reassert the same argument made in their original motion which the Court rejected.

Second, Plaintiffs argue that the recent deposition of the County's Rule 30(b)(6) witness is "new evidence" which "demonstrates that Defendant has not [met] its burden to prove that the PowerPoint presentations, including the individual slides, contained material protected by attorney-client privilege or work product doctrine." Mot. at 5. Specifically, Plaintiffs assert that the County's Rule 30(b)(6) witness "testified that County Counsel's training are part of the Social Worker's Initial Training ("SWIT")" which includes "state mandated training," and "[s]imply stated, County Counsel's PowerPoint presentations are created in substantially similar form irrespective of any future litigation." Id. at 8, Decl. of Stephen Daner ("Daner" Decl.,) at ¶ 5, Ex. C, Deposition transcript excerpts of Tara Motley ("Motley").

In response, the County asserts that the deposition testimony cited to by Plaintiffs from

1  Motley's deposition only references "training that [was] already produced" and she did not testify
2  to the training that was at issue in the motion to compel. Oppo. at 7. The trainings she testified
3  to were trainings that are given to new social workers known as "SWIT" training. Id. The
4  trainings withheld in this matter involve trainings received by Defendant Romero, a social worker
5  who has worked for the County for twenty-four years and received her SWIT training in 2000 to
6  2001. Id. The training at issue here is for materials presented to Romero from July of 2019 to
7  March 2023 and SWIT training, by definition, is for newly employed social workers. Id. There
8  is no evidence before the Court that trainings currently withheld include SWIT training because
9  Romero had already been employed by the County for approximately nineteen years in 2019.
10 Id.

11  A review of the deposition testimony which is the "new evidence" supplied by Plaintiffs
12 does not show that the Rule 30(b)(6) witness gave any testimony with regard to the PowerPoint
13 presentations at issue in the motion to compel or that her testimony contradicted any of the
14 representations made by Ms. Rae in her declaration. See Daner Decl., Ex. C. In Ms. Rae's
15 declaration, she identified five specific PowerPoint presentations and declared that the primary
16 purpose of all five presentations were for the "purpose of training County social workers to avoid
17 prospective civil dependency litigation." ECF No. 128-1 at 3-5. None of these trainings are the
18 subject of Motley's testimony. Plaintiffs argue that the two trainings testified to by the Rule
19 30(b)(6) witness should be extrapolated to all trainings provided to social workers and to accept
20 this argument would require the Court to disregard Ms. Rae's declaration in its entirety. The
21 Court rejects this argument as the facts set forth in Ms. Rae's declaration and the deposition
22 transcript establish that they are discussing different trainings and the deposition testimony does
23 not undermine Ms. Rae's declaration.

24  Plaintiffs also argue that Defendants previously produced what Plaintiffs term as
25 "investigation refresher" PowerPoint presentations that are "created and/or presented by both
26 a "Policy Analyst" , i.e. a *non-attorney* – and an attorney." Id. (emphasis in original.) Plaintiffs
27 then claim, without support, that this necessarily means that the PowerPoints "would contain
28 slides – and "notes" – that were *solely* created and/or presented by the "Policy Analyst." Id.

(emphasis in original.)   Plaintiffs argue that "Ms. Rae's declaration is insufficient to distinguish the withheld PowerPoint presentations from the designated 'training' attorney's initial and recurring non-privileged, general presentations." Id. at 14.  Again, the Court rejects Plaintiff's arguments as speculative and unsupported by the facts.

Plaintiffs point to the testimony of Ms. Motley to argue that her understanding that the trainings presented by County Counsel contained "generalized training" and therefore, Plaintiffs argue that these trainings are not subject to attorney-client privilege or attorney-work product. However, the Ninth Circuit in In re Grand Jury, applied the "primary purpose" test to determine whether "dual purpose" communications are protected by attorney client privilege. Id, 23 F.4th 1088, 1091 (9th Cir. 2021).  The declaration of Ms. Rae specifically identified training that was prepared by County Counsel and declared under penalty of perjury that these specific trainings were given for the purpose of avoiding "prospective civil and dependency litigation." ECF No. 128-1 at 3-5. Any other advice given during these trainings could have a more general purpose but a "dual-purpose communication can only have a single "primary" purpose. In re Grand Jury, 23 F.4th 1088, 1091.  Here, the Court properly relied on the declaration of Ms. Rae which supports a finding that the purpose of the trainings prepared and presented by County Counsel was to avoid prospective litigation which aligns with the primary purpose of providing legal advice. Id.

In addition, to the extent that the County's Rule 30(b)(6) witness testified to what Plaintiffs' term as "non-privileged, general presentations," these presentations are not the same presentations set forth in Ms. Rae's declaration and therefore are irrelevant.  This argument is not based on "new evidence" which is the basis for which the Plaintiffs have brought the current motion and instead is another argument challenging the sufficiency of Ms. Rae's declaration which the Court already considered in the ruling at issue.  In Ms. Rae's declaration she declares that the presentation entitled "Child Victim Witness Protocol" – March 2023" was "prepared by an embedded County Counsel attorney and a Child Welfare Services Policy Analyst" and the training was "presented by County Counsel and a Child Welfare Services Policy Analyst to County social workers." ECF No. 128-1 at 5. Plaintiffs' assertion that there are "non privileged slides –

that can be easily separated" is based on speculation that an unknown amount of the individual slides were prepared solely by the non-attorney with no input from the embedded attorney who was working alongside the analyst which is not a reasonable interpretation of Ms. Rae's declaration. Moreover, the Rule 30(b)6) witness does not testify that she ever received the training described in Ms. Rae's declaration and therefore, this testimony is also irrelevant for this reason.

Plaintiffs' motion to reconsider the motion to compel training materials is **DENIED**. Plaintiffs fail to show any new or different facts or circumstances which did not exist, or were not shown, upon such prior application as is required on a motion for reconsideration. See S.D. Cal. Civ.L.R. 7.1(i)(1). In addition, the arguments presented by Plaintiffs do not change the Court's original decision for the reasons set forth above and the Court's original ruling remains accurate based upon the relevant evidence including Ms. Rae's declaration which established that the trainings materials were protected by attorney client privilege and the attorney work product doctrine.

For the reasons set forth above, the Court is able to resolve the motion based on briefing and finds no need to review the documents withheld by the County. Accordingly, the Court declines Plaintiffs' request to review the documents in camera.

## CONCLUSION

Plaintiffs' motion for reconsideration, see ECF No. 141, is **DENIED**.

**IT IS SO ORDERED.**

Dated: 2/19/2025

Hon. Barbara L. Major
United States Magistrate Judge