UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN, an individual; et al.,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity; et al.,<br><br>Defendants. | Case No.: 22-cv-903-AJB-BLM<br><br>**ORDER OVERRULING PLAINTIFFS' OBJECTIONS TO THE MAGISTRATE JUDGE'S DENIAL OF THEIR MOTION TO COMPEL THE COUNTY TO PROVIDE TRAINING MATERIALS**<br><br>**(Doc. No. 155)** |

Following the Magistrate Judge's orders denying Carolina Hipschman and Alexander Hipschman's ("Plaintiffs") motion to compel the County of San Diego ("County") to produce certain training materials and their motion for reconsideration, Plaintiffs filed the instant objection pursuant to Federal Rules of Civil Procedure 72(a). (Doc. Nos. 137, 154, 155.) For the reasons stated below, the Court **OVERRULES** the entirety of Plaintiffs' objections.

I.   BACKGROUND

Plaintiffs' action arises from the County's and its social workers' alleged improper seizure of their minor child following a hospital visit for a bump on the minor's head. The

instant discovery dispute concerns Plaintiffs' Request for Production of Documents, Set Seven, which requests the County produce all documents including, "training memoranda, PowerPoint Presentations (in native form), lecture notes, letters, flyers, handouts, movies, and/or training materials (hereinafter "training materials") regarding documents given, or presentations made, to Defendant Romero regarding her responsibilities as a County social worker from 2001 to present." (Doc. No. 137 at 4.)[1] Plaintiffs argue that the training materials are relevant to their claims arising under *Monell v. Dep't of Social Services of New York*, 426 U.S. 658 (1978). They also assert that the County's withholding of the materials based on attorney-client privilege and attorney work product privilege lacks substantial justification, and that it has waived such privilege objections.

Following briefing, the Magistrate Judge denied Plaintiffs' motion to compel, finding that: (1) although the training materials were relevant for discovery purposes, they are subject to attorney-client privilege and the attorney work product privilege; (2) the County did not waive these privileges; and (3) *in camera* review was not warranted. (Doc. No. 137 at 5–17.) Plaintiffs subsequently filed a motion for reconsideration (Doc. No. 141.) The Magistrate Judge denied it, finding that Plaintiffs failed to show new or different facts or circumstances to support reconsideration. (Doc. No. 154.) The instant objection followed.

## II.     LEGAL STANDARD

"A non-dispositive order entered by a magistrate must be deferred to unless it is 'clearly erroneous or contrary to law.'" *Grimes v. City & Cnty. of San Francisco*, 951 F.2d 236, 241 (9th Cir. 1991) (quoting Fed. R. Civ. P. 72(a)). "[T]hey are not subject to *de novo* determination." *Id.* (internal quotation marks and citation omitted). Thus, when considering objections to a magistrate judge's ruling on non-dispositive pretrial matters, such as discovery disputes, the "reviewing court may not simply substitute its judgment for that of the deciding court." *Id.* The clear error standard "is significantly deferential," and allows

---

[1] These pinpoint citations refer to the ECF-generated page numbers at the top of each filing.

the court to overturn a magistrate judge's determinations only if the court has a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of California, Inc. v. Constr. Laborers Pension Tr. for S. California*, 508 U.S. 602, 623 (1993).

## III. DISCUSSION

Plaintiffs object to the Magistrate Judge's orders, arguing that the Magistrate Judge: (1) lacked an evidentiary basis to find that the training materials at issue are protected by attorney-client privilege and attorney work product privilege; (2) erred in finding good cause for relief from untimely objections; and (3) erred in declining to conduct an *in camera* review of the disputed documents. (Doc. Nos. 155 at 8; 158 at 4.) Because the challenged rulings concern a non-dispositive pretrial matter, namely, a discovery dispute, the Court must defer to the Magistrate Judge unless the rulings are "clearly erroneous or contrary to law." *Grimes*, 951 F.2d at 241. Upon review and consideration of the parties' moving papers and the Magistrate Judge's orders, the Court does not find the rulings to be clearly erroneous or contrary to law.

### A. Rulings on Privilege

First, the Court rejects Plaintiffs' argument that the Magistrate Judge erred in finding that the attorney-client and attorney work product privileges applied. The record shows that the Magistrate Judge thoroughly considered the arguments and evidence submitted in connection with the motion to compel and motion for reconsideration. The Magistrate Judge cited and applied the correct standards for analyzing each claim of privilege and relied on appropriate evidence and case law to support its denial of Plaintiffs' motions.

#### 1) Attorney-Client Privilege

"The attorney-client privilege protects confidential communications between attorneys and clients, which are made for the purpose of giving legal advice." *United States v. Richey*, 632 F.3d 559, 566 (9th Cir. 2011). The Magistrate Judge found that the County met its burden of proving the attorney-client privilege applies based on the Declaration of Caitlin Rae, Assistant County Counsel. (Doc. No. 137 at 7–10.) The Magistrate Judge

considered and rejected Plaintiffs' arguments to the contrary, including the one they raise here: that Ms. Rae's Declaration is conclusory. (*Id.* at 10.) The Magistrate Judge disagreed with Plaintiffs, finding that Ms. Rae's sworn testimony "adequately sets forth facts establishing the elements of the attorney-client privilege." (*Id.*) In so concluding, the Magistrate Judge described the details contained in Ms. Rae's Declaration and determined that they established that the training materials withheld were prepared by attorneys whose duties included providing representation and legal advice to County social workers on juvenile dependency matters and provided or presented to them such information in a confidential manner. (*Id.* at 8–9.) Having reviewed Ms. Rae's Declaration, the Court is not left "with a definite and firm conviction that a mistake has been committed." *See Concrete Pipe & Prods. of Cal.*, 508 U.S. at 623.

Plaintiffs make much ado about the Magistrate Judge's other order denying the County's privilege claims in a prior motion to compel. But as the Magistrate Judge made abundantly clear, the County's showing of privilege here is different. Unlike the two-sentence conclusory declaration the Magistrate Judge found insufficient in the other motion to compel, the County submitted here a detailed declaration specifying the nature and contents of each presentation, including who prepared them, why they were prepared, and to whom they were presented. (Doc. No. 128-1 at 2–6.) And contrary to Plaintiffs' contention that the Magistrate Judge did not consider whether the trainings were akin to general summaries of cases, the record indicates otherwise. (Doc. No. 137 at 8–10 (the Magistrate Judge contrasting Ms. Rae's Declaration with the one it found insufficient).)

The Magistrate Judge also properly applied the primary purpose test for dual-purpose communications. *In re Grand Jury*, 23 F.4th 1088, 1092 (9th Cir. 2021) ("We hold that the primary-purpose test applies to attorney-client privilege claims for dual-purpose communications."). Specifically, the Magistrate Judge found that while other advice given during the trainings may have had a more general purpose, the primary purpose of the presentations was to avoid prospective civil and dependency litigation—as attested to by Ms. Rae under penalty of perjury. (Doc. Nos. 137 at 10; 154 at 6.)

Based on the foregoing and a review of the relevant law and record, the Court does not find that the Magistrate Judge's ruling on the attorney-client privilege issue is clearly erroneous or contrary to law. The record reflects the Magistrate Judge applied the correct law and reasonably interpreted and relied on the County's evidence to find that it met its burden to establish the privilege. Accordingly, the Court accords significant deference to the Magistrate Judge's decision that the attorney-client privilege applies and **OVERRULES** Plaintiffs' objection to this ruling.

### 2) Work Product Privilege

"The work-product doctrine protects from discovery documents and tangible things prepared by a party or his representative in anticipation of litigation." *Richey*, 632 F.3d at 567 (internal quotation marks and citation omitted). "To qualify for work-product protection, documents must: (1) be prepared in anticipation of litigation or for trial and (2) be prepared by or for another party or by or for that other party's representative." *Id.*

Here, the Magistrate Judge found that the County met its burden to establish that the attorney work product privilege applies to the training materials, including the requested materials in their native form. (Doc. No. 137 at 10–12.) In so concluding, the Magistrate Judge explained that "Ms. Rae's declaration makes clear that the training materials at issue were prepared and presented by attorneys and would not have been created unless there was the prospect of litigation." (*Id.* at 12.) The Magistrate Judge again contrasted the detailed declaration the County submitted here with the one it found inadequate in the other motion to compel. (*Id.* at 10–12.)

The Magistrate Judge also highlighted Ms. Rae's explanation that providing the training materials in their native form would "reveal the context of the legal advice and strategies provided to social workers by attorneys" because the notes section of the PowerPoint slides "contain the mental impressions of the embedded attorneys who created the presentations" and "include interpretation of the law and legal strategies used to defend from current and future civil and dependency litigation." (*Id.* at 11 (quoting Doc. No. 128-1

at 5–6).) Plaintiffs' contention that there is no evidence to support the Magistrate Judge's finding is therefore belied by the record.

Additionally, the Court finds reasonable the Magistrate Judge's rejection of Plaintiffs' claim about the severability of purported non-attorney slides in the Child Victim Witness Protocol presentation as speculative. (Doc. No. 154 at 6–7 ("Plaintiffs' assertion that there are 'non privileged slides – that can be easily separated' is based on speculation that an unknown amount of the individual slides [was] prepared solely by the non-attorney with no input from the embedded attorney who was working alongside the analyst which is not a reasonable interpretation of Ms. Rae's declaration.")

In the end, Plaintiffs merely disagree with the Magistrate Judge's interpretation of the evidence the County submitted to meet its burden of proof. Having reviewed the applicable law and record, however, there is nothing before the Court meeting the clearly erroneous or contrary to law standards required to overturn the Magistrate Judge's decision. Because the Magistrate Judge's determination was based on the correct law, the totality of the circumstances, and reasonable interpretation of, and reliance on, the County's evidence, the Court is not left with a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of California, Inc*, 508 U.S. at 623. Accordingly, the Court accords significant deference to the Magistrate Judge's conclusion that the attorney work product privilege applies and **OVERRULES** Plaintiffs' objection to this ruling.

### 3) Waiver and *In Camera* Review

Next, Plaintiffs object to the Magistrate Judge's finding that the County's privilege objections were not untimely. The Court does not find the ruling clearly erroneous or contrary to law. The Magistrate Judge thoroughly considered the arguments concerning waiver and found based on a reasonable interpretation of the record (including the parties' agreements to extend the County's time to respond to Plaintiffs request for training materials spanning over twenty years) that good cause existed for the County raising privilege objections when they did. The Court also does not find that the Magistrate Judge abused its discretion in declining to adopt Plaintiffs' overly technical argument that the

County has conceded its objections were untimely. *See generally Eitel v. McCool*, 782 F.2d 1470, 1472 (9th Cir. 1986) ("Cases should be decided upon their merits whenever reasonably possible.").

Lastly, as to Plaintiffs' argument that the Magistrate Judge erred in declining to review the training materials *in camera*, the Court finds there was sufficient factual information in Ms. Rae's Declaration from which the Magistrate Judge could reject Plaintiff's attempt at showing the contrary and decline *in camera* review.

There being record support for the Magistrate Judge's finding of good cause for relief from waiver and declining *in camera* review, the Court does not have a "definite and firm conviction that a mistake has been committed." *Concrete Pipe & Prods. of California, Inc.* 508 U.S. at 623. Accordingly, the Court **OVERRULES** Plaintiffs' objections to the Magistrate Judges' rulings on the waiver and *in camera* issues.

## IV. CONCLUSION

For the reasons stated herein, the Court **OVERRULES** the entirety of Plaintiffs' objections to the Magistrate Judge's denial of their motion to compel county to provide the training materials. (Doc. No. 155.)

**IT IS SO ORDERED**.

Dated: April 28, 2025

Hon. Anthony J. Battaglia
United States District Judge