UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLINA HIPSCHMAN, an individual; et al.,<br><br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN DIEGO, a public entity; et al.,<br><br>　　　　　　　　　　Defendants. | Case No.: 22-cv-903-AJB-BLM<br><br>**ORDER GRANTING MOTIONS TO SEAL OF DOCUMENTS FROM JUVENILE DEPENDENCY PROCEEDINGS AND MEDICAL RECORDS**<br><br>**(Doc. Nos. 161, 165, 176)** |

Before the Court are three motions to seal—one filed by Defendants County of San Diego, Nidia Romero, Elizabeth Samuels, Jose Padilla, Mary Shehee, Tin Le and Maria Araiza (collectively, "Defendants"), and two filed by Plaintiffs Carolina Hipschman and Alexander Hipschman and (collectively, "Plaintiffs"). (Doc. Nos. 161, 165, 176.) The motions are unopposed. The Court finds the matters suitable for determination on the papers and without need for oral argument. *See* L. Civ. R. 7.1.d.1. For the reasons stated herein, the Court **GRANTS** the motions to seal.

I. **BACKGROUND**

This action arises from the County of San Diego's and its social workers' alleged improper seizure of Plaintiffs' minor child following a hospital visit for a bump on the

child's head. At issue is the sealing of exhibits containing information from juvenile dependency proceedings and medical records. (Doc. Nos. 161 at 1; 165 at 3–4; 176 at 3.)

## II. LEGAL STANDARD

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point. *Kamakana v. City and Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). To overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the public policies favoring disclosure. *See id.* at 1178–79. The showing required to satisfy this burden depends, not merely on whether the motion to which the documents relate are dispositive or nondispositive, but rather, "whether the motion is more than tangentially related to the merits of a case." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101 (9th Cir. 2016).

If the underlying motion is more than tangentially related to the merits, the "compelling reasons" standard applies. *Id.* at 1096–98, 1102. "What constitutes a 'compelling reason' is 'best left to the sound discretion of the trial court.'" *Id.* at 1097 (quoting *Nixon*, 435 U.S. at 599). And the court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Id.* at 1097 (internal quotation marks, alteration, and citation omitted).

If the underlying motion does not pass the "more than tangentially related" threshold, the "good cause" standard applies. *Id.* at 1096–98.

## III. DISCUSSION

Here, Defendants request to seal Exhibits A, E, H, K, O, P, R, T, W, X, Y, Z, CC, FF, GG, and HH filed in support of their motion for summary judgment. (Doc. No. 161 at 1.) In support, Defendants explain that the exhibits "are records from related state juvenile dependency proceedings and Health and Human Services Agency released records" which

are "sensitive, statutorily protected information regarding juvenile dependency proceedings" under California Welfare & Institutions Code § 827. (*Id.* at 1, 3.)

Plaintiffs request to seal Exhibits D-H, J, O-U, and W-Z filed in support of their motion for partial summary judgment because they "contain and/or discuss private medical information related to C.H., a minor, and contain C.H.'s unabbreviated name." (Doc. No. 165-1 at 2.) Moreover, "Exhibit T-2 contains the unabbreviated name of the minor, C.H., and personally identifiable information of third parties[,]" and Exhibit X "contains medical information pertaining to a third-party minor, identified as J.P.1." (*Id.*) Plaintiffs also seek to seal the Declaration of Premi Suresh, M.D., filed in support of their summary judgment motion because it "contains and discusses substantial medical information related to the minor, C.H. Further, C.H.'s name is unabbreviated." (*Id.*)

Plaintiffs' other motion to seal requests sealing of Exhibits BB–OO and UU filed in support of their summary judgment motion because they "contain and/or discuss private medical information related to C.H., a minor, and contain C.H.'s unabbreviated name" and "discuss and/or contain information derived from C.H.'s juvenile records." (Doc. No. 176-1 at 2.)

Because the documents to be sealed are filed in connection with the pending motions for summary judgment, they are more than tangentially related to the merits of the case. Thus, the "compelling reasons" standard applies.[1] *See Ctr. for Auto Safety,* 809 F.3d at 1102; *Kamakana*, 447 F.3d at 1179.

Upon review of the parties' briefs and declarations in support of their respective sealing request, the Court finds they have met their burden to "articulate compelling reasons supported by specific factual findings" which "outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana*, 447 F.3d at 1178–79 (internal alterations,

---

[1] The parties do not contend otherwise.

quotation marks, and citation omitted). Because the documents to be sealed concern statutorily protected juvenile records and/or personal medical information of the minor at issue, as well as a third-party minor, the Court finds the minors' significant privacy interests overcome the public's general (and here, minimal) interest in disclosure. *See Nixon*, 435 U.S. at 599 ("[T]he decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case.").

## IV.   CONCLUSION

For the reasons stated herein, the Court **GRANTS** the parties' motions to seal. (Doc. Nos. 161, 165, 176.) Accordingly, the Clerk of Court is **DIRECTED** to file as sealed the documents lodged at Doc. Nos. 162, 166, and 177.

**IT IS SO ORDERED.**

Dated: August 8, 2025

Hon. Anthony J. Battaglia
United States District Judge